**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| IKEY PORTER CURRY, | Case No. CV15-08308-JLS(AS) |
| Petitioner, | **ORDER OF DISMISSAL** |
| | **WITHOUT PREJUDICE** |
| v. | |
| JOHN SOTO, Warden, | |
| Respondent. | |

**PROCEEDINGS**

On October 23, 2015, Ikey Porter Curry, ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1).[1]

---

[1]    On April 15, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254 in this Court. (<u>Ikey Porter Curry v. Daniel Paramo</u>, CV 14-2907-JLS (AS)).  On June 30, 2014, the Court denied and dismissed the Petition without prejudice for failure to exhaust available remedies as to any of the claims alleged in the

1

According to the Petition, Petitioner was convicted of selling cocaine base in violation of California Health and Safety Code § 11352(a).  On September 9, 2011, Petitioner was sentenced to a term of eight years imprisonment. (Petition at 2).  On June 29, 2012, the California Court of Appeal affirmed Petitioner's conviction and sentence.  Petitioner did not file a petition for review with the California Supreme Court or file any habeas petitions in state court. Id. at 2-3.[2]

The Petition alleges the following grounds for federal habeas relief: (1) The trial court's failure to instruct the jury that Petitioner was only charged with selling a controlled substance and not with transportation of a controlled substance; (2)ineffective assistance of appellate counsel for failing to raise the instructional error on appeal; and (3) the California Court of Appeal's refusal to consider Petitioner's supplemental brief. (Petition at 5-6).

---

Petition.  See id., Docket Entry Nos. 6, 10-11). The Court takes judicial notice of the records available on the PACER database. See Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record, including documents on file in federal and state courts).

[2]    The Court takes judicial notice of state court records that are available on the California Courts' website at http://appellatecases.courtinfo.ca.gov (last visited October 28, 2015).  The website provides the date on which Petitioner filed his direct appeal to the California Court of Appeal and the date on which the appeal was decided.  According to the website, Petitioner did not file a petition for review with the California Supreme Court or a state habeas petition with the California Supreme Court.

2

**DISCUSSION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b) - (c); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. <u>See</u> <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994); <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th

3

Cir. 1996).

Here, Petitioner has failed to present all Grounds alleged in the Petition to the California Supreme Court. Although Petitioner contends that the claims alleged in the Petition have been presented in a petition for review to the California Supreme Court, the petition for review was returned, unfiled, to Petitioner by the Clerk of the California Supreme Court because it was untimely. (See attachment to Petition, Docket No. 1 at 11).[3] The Petition is therefore unexhausted and subject to dismissal on its face.[4]

Petitioner has failed to state an exhausted constitutional claim for relief and therefore, the Petition fails to state a claim upon which relief may be granted. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party. 28 U.S.C. § 2243; see also Rule 4, Rules Governing Section 2254 cases in the United States District

---

[3]    All references to filings in this case refer to the pagination provided by the Court's electronic docket.

[4]    In certain circumstances, the Court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009)(stay procedure authorized by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly" remains available after Rhines). However, the present Petition is not mixed; it is completely unexhausted. The Court cannot stay a completely unexhausted petition. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

4

1  Courts (petition may be summarily dismissed if petitioner plainly
2  not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge
3  may submit proposed order for summary dismissal to district judge
4  "if it plainly appears from the face of the petition []that the
5  petitioner is not entitled to relief").

6

7      Petitioner may be able to present his claims to the California
8  Supreme Court.  See In re Harris, 5 Cal.4th 813, 825 (1993)
9  ("[H]abeas Corpus has become a proper remedy in this state to
10  collaterally attack a judgment of conviction which has been
11  obtained in violation of fundamental constitutional rights.")
12  (citations and quotations omitted).[5]
13  ///
14  ///
15  ///

16

17

18

19

20

21

22

23      [5]    The Court expresses no opinion concerning whether
24  consideration of a state habeas petition might be foreclosed by
    state procedural law.  The California Supreme Court should evaluate
25  this matter in the first instance.  Moreover, even if there exists
    an applicable state procedural bar, the California Supreme Court
26  nevertheless might choose to reach the merits of Petitioner's
    claims.  See e.g., Park v. California, 202 F.3d 1146 (9th Cir.
27  2000).

28                                    5

**ORDER**


   For the foregoing reasons, the Petition is dismissed without prejudice.[6]


DATED: December 11, 2015.

_____
          JOSEPHINE L. STATON
          UNITED STATES DISTRICT JUDGE


Presented this 28tht day
of October 2015, by:

_____
            /S/
        ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

   [6]   This dismissal will not relieve petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), with respect to any future habeas petitions filed in this Court. The Court notes, without deciding, that Petitioner's conviction became final on August 8, 2012, when the time for filing a petition for review in the California Supreme Court expired.    See   California Rules of Court, 8.500(e). Therefore, the AEDPA statute of limitations began to run on August 9, 2012 and, absent grounds for statutory and/or equitable tolling, expired one-year later on August 9, 2013.